IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Melodie Shuler,                )<br>                                    )<br>            Plaintiff,           )<br>                                    )<br>v.                                )<br>                                    )<br>State of South Carolina; Sheriff Leroy Ravenell; )<br>Captain Antonia Turkvant; Laquetta Sumpter; )<br>Samuel Daily; Derrick Dash; Diane Goodstein; )<br>Winnifa B. Clark,             )<br>                                    )<br>            Defendants.      )<br>_____ ) | C/A No. 5:19-1015-MGL-PJG<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

The plaintiff, Melodie Shuler, proceeding *pro se*, brings this civil rights action pursuant to 28 U.S.C. § 1915.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated May 31, 2019, the court provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court that would warrant summary dismissal of the Complaint pursuant to 28 U.S.C. § 1915. (ECF No. 14.) The court found that some of the defendants were immune from suit, and that Plaintiff failed to state a claim upon which relief could be granted as to the other defendants. See 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). Plaintiff failed to respond to the court's order.[2] Accordingly, the court recommends that the Complaint be summarily dismissed with prejudice and without issuance and

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 7.)

[2] Plaintiff also failed to respond to the court's order directing her to file the service documents required for the court to authorize the issuance and service of process. (ECF No. 13.) In that order, Plaintiff was warned that failure to follow the directions in the order could warrant dismissal of this action for failure to prosecute and failure to comply with an order of the court pursuant to Federal Rule of Civil Procedure 41. (Id. at 1.)

service of process for the reasons stated in the court's May 31 order. See Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 630 (4th Cir. 2015)).

Alternatively, the court finds this matter should be dismissed for Plaintiff's failure to prosecute and failure to respond to the court's orders. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).

Plaintiff is proceeding *pro se*;[3] therefore, she is solely responsible for his refusal to comply with the court's orders. See Craft v. Astrue, No.1:10CV9, 2012 WL 6569021, at *2 (M.D.N.C. Dec. 17, 2012) (finding, pursuant to the standard set forth in Chandler Leasing, "Plaintiff has proceeded

---

[3] However, the court notes that Plaintiff is an attorney by trade, according to her pleadings.

PJG

*pro se* from the outset, thus she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case."). Further, because Plaintiff has twice failed to fully comply with an order of this court, including her failure to even respond to the court's last order, it does not appear that any sanction less drastic than dismissal is available. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (finding the Magistrate Judge's explicit warning that a recommendation of dismissal would result from the plaintiff's failure to obey his order gave the district court little alternative to dismissal because any other course would have placed the credibility of the court in doubt and invited abuse). Therefore, as an alternative basis for dismissal, this case is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court").

_____

June 28, 2019　　　　　　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).